IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| ANTHONY D. EUBANKS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  7:10-CV-1909-LSC-RRA |
| | ) |
| JUDGE BRAD ALMOND, et al., | ) |
| | ) |
| Defendants. | ) |

MEMORANDUM OF OPINION

The magistrate judge filed a report and recommendation on February 7, 2011, recommending that this action filed pursuant to 42 U.S.C. § 1983 be dismissed under 28 U.S.C. § 1915A(b). The plaintiff filed objections to the report and recommendation on April 8, 2011.

The plaintiff maintains that the magistrate judge misunderstood his complaint and "abused his discretion by dismissing the complaint when there are disputed facts." (Doc.25) The plaintiff claims that facts remain in dispute as to whether the defendants had jurisdiction to revoke his probation and send him to prison. The plaintiff has failed to provide any support for this claim that Judge Almond lacked jurisdiction to revoke his parole.

Moreover, the essence of the plaintiff's claim is that he has been wrongfully incarcerated and wants this court to "set aside my illegal incarceration." It is well settled that a state prisoner may challenge the "fact or duration" of his imprisonment only by way of a petition for writ of habeas corpus. *Preiser v. Rodriquez*, 411 U.S. 475 (1973); *Watson v. Briscoe*, 554 F.2d 650 (5th Cir. 1977). A prisoner cannot assert such a claim under § 1983, thereby averting the exhaustion requirements in habeas actions. *Richardson v. Fleming*, 651 F.2d 366 (5th Cir. 1981); *Keenan v. Bennett*, 613

F.2d 127 (5th Cir. 1980). Before a habeas claim may be heard in federal court, a petitioner must exhaust available state remedies, such as a direct appeal or a petition pursuant to Rule 32, ALA. R. CRIM. P. *Georgalis v. Dixon*, 776 F.2d 261 (11th Cir. 1985); *Walker v. Zant*, 693 F.2d 1087 (11th Cir. 1982). The plaintiff maintains that he does not have to exhaust his state remedies because his Constitutional rights have been violated. Specifically, the plaintiff claims that he is being subjected to cruel and unusual punishment because the defendants did not have jurisdiction to send him to prison and the magistrate judge's failure to review the facts and dismiss his claim denies him due process, access to the courts, and equal rights and protection of the law. (Doc.25) The plaintiff does not provide any support for this argument either.

The plaintiff also complains that he filed several amendments to his complaint and the magistrate judge failed to rule on them. The plaintiff did not file a motion to amend his complaint, but merely filed a single amended complaint. (Doc. 15) To the extent that the filing of the amended complaint is considered a motion to amend, it is well settled that motions to amend are addressed to the sound discretion of the trial judge. *See, e. g., Gramegna v. Johnson*, 846 F.2d 675, 678 (11th Cir. 1988); *Espey v. Wainwright*, 734 F.2d 748, 750 (11th Cir. 1984). While that discretion is tempered by FED. R. CIV. P. 15(a)'s provision that "leave shall be freely given when justice so requires," it is clear that "there is no obligation to allow amendment if to do so would be futile." *Laborers Local 938 Joint Health and Welfare Trust v. B. R. Starnes Co.*, 827 F.2d 1454, 1456 (11th Cir. 1987) (*citing Foman v. Davis*, 371 U.S. 178, 182 (1962)).

By his amended complaint, the plaintiff attempted to add Director of Nursing Sylvia Hicks, Donny Myers, and Dr. Barbers as defendants, and to add claims of inadequate medical care. The additional defendants are located at the Holman Correctional Facility, which is not located in the

Northern District of Alabama and the claims are unrelated to the claims he made against the other defendants.

Allowing the plaintiff to bring unrelated claims in a single suit would undermine the objectives of the PLRA. Under the PLRA each complaint requires the plaintiff to pay a filing fee, and, if a prisoner files more than three frivolous suits or appeals, the PLRA presents a bar against future litigation without a prepayment of the required filing fees.

> Fed.R.Civ.P. 18(a) provides that
>
> '[a] party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.' Thus, multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass a multiple claim, multiple defendant suit produces, but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g).

*George v. Smith*, 507 F.3d 605, 607 (7th Cir.2007); *see also*, *Johnson v. Cummings*, 2010 WL 749328 (S.D. Ala.).

Additionally, Fed.R.Civ.P. 20(a)(2) provides that multiple defendants may be joined in one action as defendants if any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences, and if any question of law or fact common to all defendants will arise in the action.

The plaintiff has named defendants in multiple jurisdictions, does not allege that they participated in the same transaction, and does not allege that there is a question of law or fact common to all of them. To the extent the plaintiff's "Notice to Defendand [sic] and the Courts [sic] of Amended Complaint"(doc. 15) is a Motion to Amend, it is DENIED.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections thereto, the Court is of the opinion that the magistrate judge's report is due to be and is hereby ADOPTED and the recommendation is ACCEPTED. Accordingly, the complaint is due to be DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915A(b). A Final Judgment will be entered.

Done this 3rd day of May 2011.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
153671